## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DENNIS P. MURPHY, in his capacity as
PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF
CASEY JORDAN MARQUEZ,

        Plaintiff,

        v.                            Case No. 1:20-CV-00557 GBW/SMV

THE UNITED STATES OF AMERICA,

        Defendant.

### DEFENDANT UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant United States of America moves the Court to dismiss Plaintiff's Complaint on the grounds that this Court lacks subject matter jurisdiction and on the grounds that Plaintiff fails to state a claim. Plaintiff's Complaint alleges a single Count of negligence against the United States arising out of the death of Casey Jordan Marquez, a student at Aztec High School, in Aztec New Mexico on December 7, 2017. *See* Complaint, filed June 8, 2020 (Doc. 2). Plaintiff alleges "[t]he FBI Investigators owed a common law duty to the students and teachers at AHS to conduct a reasonable investigation of a targeted threat against the School by a former student," and that the United States breached its duty. Complaint, ¶ 85 (Doc. 2). However, as described below, not only does Plaintiff's Complaint misstate the United States' duty, but Plaintiff's Complaint challenges the government's exercise of its discretionary judgment for which sovereign immunity is preserved under the discretionary function exception to the Federal Tort Claims Act. Consequently, this Court lacks subject matter jurisdiction and the claims must be dismissed.

Pursuant to D.N.M. LR-Civ. 7.1(a), counsel for Plaintiff was contacted by email for Plaintiff's position on the motion. No response was received prior to the deadline for filing. It is anticipated that the motion is opposed.

## INTRODUCTION

Plaintiff Dennis P. Murphy, as personal representative of the estate of Casey Jordan Marquez, brings this case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq*., and the New Mexico Wrongful Death Act ("WDA"), §§ 41-2-1 to -4. Casey Jordan Marquez was a student at Aztec High School in Aztec, New Mexico. On December 7, 2017, a former AHS student, William Atchison, entered AHS and began shooting. Ultimately, he killed Ms. Jordan Marquez and another student before turning the gun on himself.

Plaintiff alleges that in March 2016, the Federal Bureau of Investigation ("FBI") received information from a participant in an online gaming website that "an individual had posted a comment soliciting advice on how to acquire a cheap assault rifle to commit a mass shooting at his former school." Complaint ¶ 19. [1] The FBI traced the post to a computer server in Aztec, New Mexico that belonged to Brentt Atchison. *Id.* ¶¶ 20. FBI investigators interviewed Brentt Atchison and his family and determined that the person who posted the comment was William Atchison, Brentt Atchison's brother, and that the school in question was AHS. *Id.* ¶¶ 21 - 23. The FBI thereafter concluded that Atchison "was just posting these comments in jest and enjoyed acting as an internet troll but had no plans to secure a gun" and closed the investigation. *Id.* ¶¶ 27, 30. Plaintiff's Complaint avers that had the FBI performed a proper threat assessment and

---

[1] The United States disputes Plaintiff's recitation of certain facts. In addition, it is the United States' position that Atchison's criminal act, and not any alleged failure on the part of the FBI, proximately caused Plaintiff's damages. However, for the purposes of this motion, the United States focuses on the applicable duty, and Plaintiff's resultant inability to meet his burden to establish the essential element of duty, rather than the disputed issues of fact.

continued to monitor William Atchison's online activities, Ms. Jordan Marquez would not have been killed.

Plaintiff's Complaint sets forth a single cause of action for negligence, alleging that the FBI agents responsible for investigating the 2016 threat breached their statutory and common law duties under New Mexico law. Specifically, Plaintiff alleges that "New Mexico law provides that a law enforcement officer has a statutory duty to exercise reasonable care in the course of an investigation." Complaint, p. 2 (citing *Torres v. State*, 1995-NMSC-025, 119 N.M. 609, 894 P.2d 386) and that a law enforcement officer has a duty "to conduct a reasonable investigation," of a threat. Complaint ¶¶ 84 – 104. However, this claim is not legally cognizable under the FTCA.

This motion is predicated on two separate grounds. First, the Court lacks subject matter jurisdiction to hear this case. The FTCA provides for only a limited waiver of the United States' sovereign immunity for claims arising out of injuries caused by the negligence of governmental employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA's discretionary function exception, 28 U.S.C. § 2680(a), immunizes the decisions of the FBI in assessing and investigating potential criminal activity. FBI personnel have broad, policy-based discretion in determining whether and how to respond to the type of information at issue in this case. Given the discretion afforded to the FBI in this context, its decisions here are exempt from the FTCA's waiver of sovereign immunity, and the Court therefore lacks jurisdiction over the subject matter of the case.

Second, even if the discretionary function exception does not apply, the United States' limited waiver of sovereign immunity under the FTCA extends only to those acts for which a private individual, not a state law enforcement officer, under like circumstances may be found liable. 28 U.S.C. §§ 1346(b)(1), 2674. Under New Mexico law, there is no duty to prevent a third

person from harming another, absent certain circumstances, none of which are present here. No special relationship was established to create a legal duty owed by the FBI to a particular individual, when it investigated the alleged threat.

## STANDARD OF REVIEW

The federal government is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the government. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Absent a specific waiver, sovereign immunity bars the suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Subject matter jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998) (separation of powers requires a federal court to determine whether it has jurisdiction before reaching the merits of a case).

As the party averring jurisdiction, Plaintiff bears the burden of establishing that the Court possesses subject-matter jurisdiction. *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1998); *see also Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 189 (1936) (party asserting jurisdiction may not be relieved of the burden of showing that it is properly in court). There is a presumption that a cause lies outside the limited jurisdiction of the federal courts. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Rule 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion. Fed. R. Civ. P. 12(b)(1). In the Tenth Circuit, a party may raise the defense of lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), generally in one of two forms -- either "'(1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *Warren v. United States*, 244 F. Supp. 3d 1173, 1211 (D.N.M. 2017)

(quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). The threshold inquiry of jurisdiction is a question of law, and when considering a facial attack, the district court looks to the sufficiency of the allegations in the complaint which are presumed to be true. *Id*; *Wagner v. Jones*, 2014 WL 12783020, at *2 (D.N.M. Dec. 8, 2014).

Similarly, Rule 12(b)(6) requires dismissal if a plaintiff fails, "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "'The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *De Baca v. United States*, 399 F. Supp. 3d 1052, 1157–58 (D.N.M. 2019) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," or face dismissal under 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). To withstand a Rule 12(b)(6) motion, a complaint must allege "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *De Baca*, 399 F. Supp. 3d at 1158 (quoting *Twombly*, 550 U.S. at 555 and *Iqbal*, 556 U.S. at 678.) "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that establish the plaintiff's entitlement to relief, including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

/

/

## STATUTORY BACKGROUND

The United States is immune from liability absent its consent, and the terms of that

consent define a court's jurisdiction to entertain a suit against the United States. *See United*

*States v. Mitchell*, 445 U.S. 535, 538 (1980). Absent a specific waiver, sovereign immunity bars

the suit for lack of subject matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994).

The FTCA provides for a limited waiver of the United States' sovereign immunity for

claims arising out of injuries caused by the negligence of governmental employees acting within

the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA is a limited waiver of

sovereign immunity that authorizes suits against the United States for:

> money damages . . . for injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment, under
> circumstances where the United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the act or omission
> occurred.

28 U.S.C. § 1346(b)(1). Under the FTCA, the United States can be held liable "in the same

manner and to the same extent as a private individual under like circumstances," subject to

certain exceptions. *Id*. §§ 1346(b)(1), 2674.

The FTCA's waiver of sovereign immunity is subject to several exceptions set forth in 28

U.S.C. § 2680, which "are designed to protect certain important government functions and

prerogatives from disruption." *Molzof v. United States*, 502 U.S. 301, 311 (1992); *see also*

*Richards v. United States*, 369 U.S. 1, 13 n. 28 (1962). Among these exceptions is the

discretionary function exception, which bars any claims based "upon the exercise or performance

or the failure to exercise or perform a discretionary function or duty on the part of a federal

agency or an employee of the Government, whether or not the discretion involved be abused." 28

U.S.C. § 2680(a). This "discretionary function" exception "marks the boundary between

Congress' willingness to impose tort liability upon the United States and its desire to protect

certain governmental activities from exposure to suit by private individuals." *United States v.*

*S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). "If the

discretionary function exception applies to the challenged governmental conduct, the United

States retains its sovereign immunity and the district court lacks subject matter jurisdiction to

hear the suit." *Domme v. United States*, 61 F.3d 787, 789 (10th Cir. 1995).

Here, Plaintiff asserts federal court jurisdiction pursuant to 28 U.S.C. § 1331 on the

grounds that the case involves a claim that arises under the FTCA. Complaint, ¶¶ 1, 2. However,

it is not enough to assert jurisdiction; a party seeking to invoke federal jurisdiction has the duty

to establish that such jurisdiction is proper. *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909

(10th Cir. 1974). Moreover, since federal courts have limited jurisdiction, there is a presumption

against its existence. *Id*. at 909. The Tenth Circuit, has explicitly held that it is the plaintiff's

burden to show that the discretionary function exception does not bar the Court's subject matter

jurisdiction. *See Garcia v. United States*, 533 F.3d 1170, 1175 (10th Cir. 2008) ("The

discretionary function exception poses a jurisdictional prerequisite to suit, which the plaintiff

must ultimately meet as part of his overall burden to establish subject matter jurisdiction.").

Plaintiff must therefore establish the absence of this exception as part of his overall burden to

establish subject-matter jurisdiction. *Aragon v. United States*, 146 F.3d 819, 23 (10th Cir. 1998);

*Smith v. United States*, 546 F.2d 872, 875-76 (10th Cir. 1976); *Holloman v. Watt*, 708 F.2d 1399,

1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984) ([t]he party who sues the United States

bears the burden of pointing to ... an unequivocal waiver of immunity.)

Moreover, the discretionary function exception applies without regard to whether the

discretion involved was abused or the product of negligence, and evidence of such negligence is

immaterial to the Court's inquiry at this stage. *Aragon*, 146 F.3d 819, 822-23. "Application of this exception is therefore a threshold issue—a jurisdictional issue which precedes any negligence analysis." *Johnson v. United States,* 949 F.2d 332, 335 (10th Cir. 1991); *see also Garcia,* 533 F.3d 1170, 1176 (10th Cir. 2008); *De Baca*, 399 F. Supp. 3d at 1171 (citing *Warren,* 244 F. Supp. 3d at 1233 (noting that a plaintiff in an FTCA case "must [ ] first establish that her claims are not based upon actions immunized from liability under the FTCA's discretionary function exception")).

**LEGAL ARGUMENT**

The Court lacks subject-matter jurisdiction over this case. The FTCA, which waives sovereign immunity from some tort claims, carves out a specific exception to this waiver for actions based upon the discretionary acts of government employees. Because the Complaint contains no facts demonstrating that the federal employees acted outside of the discretion committed to them by law, the exception applies and the Court lacks jurisdiction to hear the case.

In the alternative, Plaintiff fails to state a claim for negligence because he cannot establish the existence of a duty from the FBI to Plaintiff in this case, an essential element of his claim.

I.     **THE COURT LACKS SUBJECT-MATTER OVER THIS ACTION UNDER THE DISCRETIONARY FUNCTION EXCEPTION TO THE FTCA.**

The Supreme Court has created a two-part test for determining whether a claim is barred by the discretionary function exception known as the *Berkovitz* test. First, courts must determine whether the challenged conduct "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Pursuant to this first part, courts look to whether "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow[.]" *Id*. Second, if the conduct

8

does involve judgment or choice, courts then look to, "whether that judgment is of the kind that

the discretionary function exception was designed to shield." *Id.* at 322-23 (quoting *Berkovitz*,

486 U.S. at 536). "The basis for the discretionary function exception was Congress' desire to

'prevent judicial second-guessing' of legislative and administrative decisions grounded in social,

economic, and political policy through the medium of an action in tort." *Berkovitz*, 486 at 536-

537 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Thus, the exception

protects "governmental actions and decisions based on considerations of public policy."

*Gaubert*, 499 U.S. at 323 (citation and internal quotation marks omitted).

It is immaterial whether the challenged conduct was in fact based on policy

considerations, because "[t]he focus of the inquiry is not on the agent's subjective intent in

exercising the discretion conferred by statute or regulation, but on the nature of the actions taken

and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325; *Warren*, 244

F. Supp. 3d at 1223 ("Conduct is protected under the second prong of *Berkovitz* analysis if it was

or could have been "'based on considerations of public policy.'") (quoting *Kiehn v. United

States*, 984 F.2d 1100, 1105 (10th Cir. 1993)).

Furthermore, "[w]hen established governmental policy, as expressed or implied by

statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it

must be presumed that the agent's acts are grounded in policy when exercising that discretion."

*Gaubert*, 499 U.S. at 323. And, importantly, the discretionary function exception applies even if

the government's conduct was negligent or an abuse of discretion. *See* 28 U.S.C. § 2680(a)

(sovereign immunity is not waived for claims based on the exercise of a discretionary function

"whether or not the discretion involved is abused"); *Garcia*, 533 F.3d at 1176 (question of

negligence is irrelevant because the discretionary function exception applies "whether or not the

9

discretion involved be abused"); *Aragon*, 146 F.3d. at 822 ("The [discretionary function]

exception applies even if the governmental employees were negligent."); *Gaubert*, 499 U.S. at

323.

> As the District of New Mexico noted:
>
> Where a plaintiff alleges a negligent omission, it is "irrelevant whether the [omission] was a matter of deliberate choice, or a mere oversight. . . . *The failure to consider some or all critical aspects of a discretionary judgment does not make that judgment less discretionary and does not make the judgment subject to liability*."

*Warren*, 244 F. Supp. 3d at 1223 (quoting *Kiehn*, 984 F.2d at 1105) (internal citations omitted)

(emphasis added).

Plaintiff here cannot show that any employee of the United States violated any federal

statute, regulation, policy, or contract provision, let alone one that is both "specific and

mandatory." *Cf. Aragon*, 146 F.3d at 823. Plaintiff's claim further fails because "established

governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows

the facility to exercise discretion," and its actions were therefore "grounded in policy.*" United

States v. Gaubert*, 499 U.S. 315, 324 (1991).

### A.  Plaintiff Does Not Identify Any Specifically Mandated Action Allegedly Violated

Since the discretionary function exception covers only those acts involving an element of

judgment or choice, the Court must first determine if a federal statute, regulation, or policy

specifically prescribes a mandatory course of action for an employee to follow. *Berkovitz*, 486

U.S. at 536. It is Plaintiff's burden to identify any mandatory statutes, regulations, or policies

that Defendant failed to follow. *See Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir.

2008) ("Of course, there is also the possibility that such a regulation might exist in the copious

directives of the Department of Defense and plaintiffs have, despite their admirable diligence in

pursuing this case, just missed it. But the burden under our case law to present evidence of a

discretion-constraining regulation or policy resides with the plaintiffs.")

Plaintiff fails to meet this burden. According to the Complaint, there is no question that

the FBI investigated the potential threat at issue. *See* Complaint, ¶ 20 ("FBI traced the post to a

computer . . . that belonged to Brentt Atchison"), ¶¶ 21 – 22 ("FBI investigators" interviewed

Brentt Atchison and determined that the writer of the post was William Atchison); ¶¶ 23 – 27

("FBI investigators" interviewed William Atchison and concluded that he posted the comment in

jest); 30 (the FBI "closed the investigation" in 2016); ¶ 42 ("the FBI conducted its 2016

investigation of William Atchison[]"); ¶ 54 ("FBI did issue a 'Use Caution' Bulletin"); ¶ 77 ("the

Bureau acknowledged to the press that FBI investigators had interviewed William Atchison in

March of 2016 in regard to the threat he posted . . . ").

The crux of Plaintiff's complaint is that Plaintiff believes the United States is liable to

him for negligence, because the FBI's investigation was not good enough. *See e.g.,* Complaint, ¶

2 (referring to "perfunctory investigation," and the FBI's failure to complete a "proper threat

assessment); ¶ 88 (Plaintiff's litany of what a "reasonable investigation . . . would include").

Plaintiff further faults the FBI for its alleged failure to discover additional information during the

investigation, and for its alleged failure to warn AHS that "it was the subject of a targeted

threat." Complaint ¶¶ 88, 89. However, Plaintiff cites no federal statute, regulation, or policy that

specifically prescribes a mandatory course of action the FBI should have taken that it did not. "If

a government official in performing his statutory duties must act without reliance upon a fixed or

readily ascertainable standard, the decision he makes is discretionary and within the

discretionary function exception." *Powers v. United States*, 996 F.2d 1121, 1125 (11th Cir. 1993)

(citation and internal quotation marks omitted).

It is not sufficient that "a federal statute, regulation, or policy" prescribe a generalized

course of action. "[T]he relevant inquiry is whether the controlling statute or regulation mandates

that a government agent perform his or her function in a specific manner." *Id*. at 1125 (emphasis

supplied) (citing *Autery v. United States*, 992 F.2d 1523 (11th Cir. 1993)). But Plaintiff has not

alleged such a failure in this case. To the contrary, Plaintiff cites and repeatedly relies solely on a

"publication" of the FBI entitled "School Shooter Threat Assessment," as grounds for all of the

additional steps Plaintiff maintains the FBI should have taken in this case. Complaint ¶¶ 33 – 53.

The referenced document, published in December 1999 as a reference for parents and educators,

contains no mandates or directives that would govern the conduct of FBI personnel who received

the information regarding the internet post in this case. *See* "The School Shooter: A THREAT

ASSESSMENT PERSPECTIVE," available at: https://www.fbi.gov/file-repository/stats-

services-publications-school-shooter-school-shooter/view (last visited Aug. 3, 2020).

Plaintiff is required to "point to regulatory language that mandates a course of action to

avoid the first part of the discretionary-function exception." *Clark v. United States*, 695 F. App'x

378, 385 (10th Cir. 2017). Plaintiff has not alleged a governing rule or regulation, and the court

should not manufacture an argument for him. *Hobody*, 1992 WL 14987, at *2 (citing *Sil–Flo,

Inc. v. SFHC, Inc*., 917 F.2d 1507, 1513–14 (10th Cir.1990)).

Thus, as to the first *Berkovitz* prong, there is no question that the FBI's investigation of

the post involved elements of judgment and choice. "As a general matter, law enforcement

decisions surrounding the investigation and prosecution of crimes, *including 'whether or not to

disclose information regarding potential threats*,' involve the exercise of discretion." *JGE

through Tasso v. United States*, 772 F. App'x 608, 612 (10th Cir. 2019) (quoting *Gonzalez v.

United States*, 814 F.3d 1022, 1028 (9th Cir. 2016)) (emphasis added). That is exactly the case

here. That Plaintiff believes the FBI's investigation could or should have been conducted differently does not negate the fact that the challenged conduct involved elements of judgment and choice by FBI personnel. In the absence of a nondiscretionary policy the Court is bound to apply the discretionary function exception.

### B. Investigations By Federal Officers Clearly Involve The Type Of Policy Judgment Protected By The Discretionary Function Exception

Regarding the second part of the *Berkovitz/Gaubert* test, on numerous occasions, courts have held that the conduct of an investigation is a quintessential discretionary function grounded in important public policy goals. *See, e.g., Joiner v. United States*, 955 F.3d 399 (5th Cir. 2020) (exception protected alleged unlawful activity of undercover FBI Agent); *Suter v. United States*, 441 F.3d 306 (4th Cir. 2006) (same); *Georgia Cas. & Sur. Co. v. United States*, 823 F.2d 260 (8th Cir. 1987) (exception applied to FBI undercover operation even though conduct allegedly assisted and furthered criminal activity that harmed the plaintiff); *Flax v. United States*, 847 F.Supp. 1183 (D.N.J.1994) (actions of FBI agents in conducting surveillance and investigation fell within discretionary function exception to FTCA); *see also Pooler v. United States*, 787 F.2d 868 (3rd Cir.), cert. denied, 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986) (decision whether to use informant to conduct drug investigation in VA hospital and extent of control to

/

/

/

/

/

/

/

maintain over informant were discretionary functions immune from liability under FTCA). [2]

The Tenth Circuit has also recognized negligent investigation claims as specifically

barred. *Hobdy v. United States*, 968 F.2d 20, 1992 WL 149871, at *2 (10th Cir. 1992)

(unpublished table decision). "Deciding how to investigate, who to investigate, and how to

present evidence to the proper authorities are classic examples of immunized prosecutorial

conduct." *Id*. (quoting *Bradley v. United States*, 615 F. Supp. 206, 209 (E.D. Pa. 1985), aff'd,

*Pooler*, 787 F.2d 868)). "Insofar as the negligence claim alleges that the investigation was

negligently performed, it, too, is barred by the discretionary function exception." *Id*.; *see also*

*Redmon ex rel. Redmon v. United States*, 934 F.2d 1151, 1157 (10th Cir. 1991) ("the decision to

investigate and take enforcement action against a particular airman" is protected by the

discretionary function exception); *Cortez v. E.E.O.C*., 585 F. Supp. 2d 1273, 1286 (D.N.M.

---

[2] Countless other federal courts have also held that "the method by which law enforcement officials execute" their functions is "grounded in policy considerations and thus subject to the discretionary function exception." *Lippman v. City of Miami*, 622 F. Supp. 2d 1337, 1346 (S.D. Fla. 2008) (citing *O'Ferrell v. United States*, 253 F.3d 1257, 1267 (11th Cir. 2001); *Kelly v. United States*, 924 F.2d 355, 362 (1st Cir. 1991); *Piechowicz v. United States*, 885 F.2d 1207, 1213 (4th Cir. 1989); *Jet Indus., Inc. v. United States*, 777 F.2d 303, 306 (5th Cir. 1985); *Taitt v. United States*, 770 F.2d 890, 894 (10th Cir. 1985); *Ostera v. United States*, 769 F.2d 716, 718 (11th Cir. *1*985); and *Amato v. United States*, 549 F.Supp. 863, 866 (D.N.J. 1982));

*see also Alfrey v. United States*, 276 F.3d 557, 566 (9th Cir. 2002) ("[I]nvestigations by federal officers clearly involve the type of policy judgment protected by the discretionary-function exception."); *Sloan v. United States Dept. of Housing and Urban Dev*., 236 F.3d 756, 760 (D.C. Cir. 2001) ("The decision to initiate a prosecution has long been regarded as a classic discretionary function."); *Horta v. Sullivan*, 4 F.3d 2, 21 (1st Cir. 1993) ("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); *Valdez v. United States*, 2009 WL 2365549 (S.D.N.Y. July 31, 2009) (unpublished) (applying the discretionary function exception despite Plaintiff's contention that the agent failed to interview a certain witness, conduct a line-up, show the witness a photo array, or otherwise further investigate a claim of mistaken identity); *Kerns v. United States*, 2007 WL 552227, *21 (D. Ariz. Feb. 21, 2007).

2007)("Generally, the discretionary-function exception covers law enforcement and investigatory activities.")

In essence, the discretionary function exception applies to any decision regarding whether to intervene in order to prevent criminal activity. As noted above, law enforcement decisions surrounding how to respond to potential threats involve the exercise of discretion. *JGE through Tasso*, *supra*. *See Smith v. United States*, 375 F.2d 243, 247-48 (5th Cir. 1967), *cert. denied*, 389 U.S. 841 (1967) ("The federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy."). Indeed, even when the FBI knows that a crime is about to occur, but deliberately decides not to stop it, that decision is protected by the discretionary function exception. *Amato v. United States*, 549 F. Supp. 863, 866 (D.N.J. 1982) (discretionary function exception protected decision by FBI to allow suspects under surveillance to complete the crime of attempted bank robbery so that they could be charged with more serious offense). Thus, insofar as Plaintiff's claim is based on the FBI's alleged failure to take further investigative steps concerning the post, his claim is barred by the discretionary function exception.

So too, to the extent Plaintiff's claim is based on the FBI's alleged failure to warn the school or school district, the manner in which the FBI chooses to share information concerning a potential threat is the type of policy-based decision that is protected by the discretionary function exception. *See Taitt v. United States*, 770 F.2d 890 (10th Cir. 1995) (decision not to alert local law enforcement to release of dangerous person protected by the discretionary function exception); *Gonzalez v. United States*, 814 F.3d 1022, 1032 (9th Cir. 2016) ("The FBI's judgment about how to respond to a reported threat and how extensively to disclose information to other law enforcement organizations implicates many risks, all of which must be weighed in

accordance with the FBI's social and public policy judgments."). Thus, insofar as Plaintiff's

claims are based upon the alleged inadequacies of the FBI's communications with either local

law enforcement or school officials, those claims too are barred by the discretionary function

exception.

**II.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM OF
        NEGLIGENCE UNDER NEW MEXICO LAW AND SHOULD BE
        DISMISSED UNDER FED. R. CIV. P. 12(B)(6).**

Because the discretionary function defense deprives the court of jurisdiction to hear the

case, *Baca v. United States*, 399 F. Supp. 3d 1052, 1227 – 1235 (D.N.M. 2019), the court may

dismiss the case on this ground alone.

In the alternative, Plaintiff fails to state a claim for negligence because he misstates the

applicable law. Under New Mexico law, to state a claim for negligence, a plaintiff must show the

existence of a duty from the defendant to the plaintiff, a breach of that duty, and that the breach

was a cause-in-fact and proximate cause of the plaintiff's damages. *Gallegos v. Wood*, No. 13-

1055, 2016 WL 1426554, at *21 (D.N.M. Mar. 31, 2016) (citing *Herrera v. Quality Pontiac*,

2003–NMSC–018, ¶ 6, 73 P.3d 181, 186.)) "Whether a duty exists is a question of law for the

courts to decide." *Id*. (quoting *Schear v. Bd. of Cty. Comm'rs of Bernalillo Cty.,* 1984–NMSC–

079, ¶ 4, 687 P.2d at 729)). As a matter of law, Plaintiff cannot show the existence of a duty

from the FBI to Plaintiff in this case.

Plaintiff asserts that, "New Mexico law provides that a law enforcement officer has a

statutory duty to exercise reasonable care in the course of an investigation." Complaint, p. 2

(citing *Torres v. State*, 1995-NMSC-025, 119 N.M. 609, 894 P.2d 386) and ¶¶ 84 – 103 (alleged

cause of action for failure to conduct "reasonable investigation"). Under the FTCA, however, the

United States has waived sovereign immunity only, "under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b), 2674; *FDIC v. Meyer*, 510 U.S. 471, 477 (1994). Thus, the Court must determine whether the relevant state law, in this case New Mexico negligence law, imposes and analogous duty of care on a *private person* under like circumstances, and *not a state law enforcement officer* under like circumstances. *Warren*, 244 F. Supp. 3d at 1219 (citing *Ewell v. United States*, 776 F.2d 246, 248–49 (10th Cir. 1985); *Proud v. United States*, 723 F.2d 705 (9th Cir. 1984); *Cox v. United States*, 881 F.2d 893, 895 (10th Cir. 1989). In other words, even if Plaintiff can state a cause of action for negligent investigation against a state or local law enforcement officer, no such cause of action may be brought against a law enforcement officer of the United States.

The Tenth Circuit expressly rejected a contrary argument in *Ewell*, emphasizing that it is state law applicable to a private person, not state law applicable to state or local government actors, which applies to the liability of the United States. *Ewell*, 776 F.2d at 249 (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 65 (1955)); *Warren*, 244 F. Supp. 3d at 1219–20; *Gallegos v. Wood*, No. 13-1055, 2016 WL 1426554, at *18 (D.N.M. Mar. 31, 2016) ("The United States' liability is coextensive with that of private individuals under the respective States'(sic) law, even if comparable government actors would have additional defenses or additional obligations under that State's law.")

Plaintiff does not allege, nor does New Mexico law hold, that a private person has a duty to conduct a "reasonable investigation" of a potential threat under New Mexico law. To the contrary, "As a general rule, an individual has no duty to protect another from harm." *Gallegos*, 2016 WL 1426554, at *21 (quoting *Grover v. Stechel*, 2002–NMCA–049, ¶ 11, 143, 45 P.3d 80, 84 (Ct.App. 2002)). The United States recognizes that "certain relationships, however, that give

17

rise to such a duty [include]: (1) those involving common carriers, innkeepers, possessors of

land; and (2) those who voluntarily or by legal mandate take the custody of another so as to

deprive the other of his normal opportunities for protection." *Id*.

In this regard, New Mexico courts have adopted section 314A of the Restatement

(Second) of Torts, which states:

> "[o]ne who is required by law to take or who voluntarily takes the custody of
> another under circumstances such as to deprive the other of his normal
> opportunities for protection is under a similar duty" to that common carriers owe,
> who have a "duty ... to take reasonable action ... to protect [their customers]
> against unreasonable risk of physical harm." . . .

*Coffey v. United States*, 906 F. Supp. 2d 1114, 1169–70 (D.N.M. 2012) (citing *Baldonado v. El*

*Paso Natural Gas Co*., 2008–NMSC–005, ¶ 15 n. 3, 143 N.M. 288, 292 n. 3, 176 P.3d 277, 281

n. 3 ("We recognize that special relationships, such as the doctor-patient or employer-employee

relationship, can create a duty to rescue."), and Restatement (Second) of Torts § 314A (internal

citations omitted).

Here, no credible argument can be made that the FBI had a special relationship with Ms.

Jordan Marquez that would have given rise to a duty to prevent Atchison's criminal acts.

Plaintiff has not stated facts to plausibly allege – nor can he – that the FBI had such a special

relationship with Plaintiff or Ms. Jordan Marquez. There being no duty as a matter of law,

Plaintiff cannot establish the essential elements of a claim of negligence.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's complaint for lack of

subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), because the discretionary function

exception to the FTCA divests the court of jurisdiction or, in the alternative, for failure to state a

claim for negligence under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Erin Langenwalter 8/7/20*
ERIN LANGENWALTER
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274; Fax: (505) 346-7205
erin.langenwalter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Luis Robles: luis@roblesrael.com
Philomena Housler: philomena@roblesrael.com

*/s/ Erin Langenwalter 8/7/20*
ERIN LANGENWALTER
Assistant United States Attorney