**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DENNIS P. MURPHY,
*in his capacity as Personal Representative of the*
WRONGFUL DEATH ESTATE OF CASEY
JORDAN MARQUEZ,

      Plaintiff,

v.                                 Civ. No. 20-557 GBW/SMV

UNITED STATES OF AMERICA,

      Defendant.

**ORDER CONVERTING THE COURT'S ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS (*Doc. 22*) TO A DISMISSAL WITH PREJUDICE**

THIS MATTER comes before the Court upon review of the record. On November 25, 2020, the Court dismissed Plaintiff's complaint without prejudice to him seeking its *leave* to file an amended complaint by December 9, 2020. *See doc. 22* at 26. It advised Plaintiff that "should [he] not file *a motion* to amend the complaint by this deadline, the dismissal of his claims shall be converted to dismissed with prejudice." (emphasis added and omitted). *Id.* As this deadline has passed without Plaintiff filing a motion for leave to amend his Complaint, the Court converts its dismissal of Plaintiff's Complaint into a DISMISSAL WITH PREJUDICE.

**I.   BACKGROUND**

On June 8, 2020, Plaintiff filed a complaint in this Court against Defendant under the Federal Tort Claims Act (hereinafter "FTCA") and New Mexico's Wrongful Death

Act.  *Doc. 2* at 1 (hereinafter "Complaint").  He alleges that FBI investigators negligently investigated William Atchison in 2016, approximately twenty-one months before Mr. Atchison shot and killed two Aztec High School students, one of whom was Casey Jordan Marquez.  Complaint at ¶¶ 19–22, 58, 61, 73, 84–97.  He also contends that the Court has original and exclusive jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1346(b).  Complaint at ¶¶ 1–2.

On November 25, 2020, the Court dismissed the Complaint for want of subject matter jurisdiction and failure to state a claim without prejudice to Plaintiff seeking its leave to file an amended complaint.  *Doc. 22* at 25–26.  Adjudicating the jurisdictional issues under Federal Rule of Civil Procedure 12(b)(6) due to their intersection with the merits of Plaintiff's claims, the Court held the Complaint's factual allegations did not establish that New Mexico law would hold a similarly situated private person liable for the FBI investigators' conduct or that their conduct was free from the judgment or choice concerning matters of public policy that brings it under the ambit of the FTCA's discretionary function.  *Id.* at 11–23.

The Court also advised Plaintiff that the deadline to "move for [its] leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) [was] fourteen (14) days from issuance of [its] order" and that "[s]hould Plaintiff not file a motion to amend the complaint by this deadline, the dismissal of his claims [would] be converted to dismissed with prejudice."  *Id.* at 26 (emphasis omitted).  On December 9, 2020, Plaintiff

filed an Amended Complaint without seeking the Court's leave, or obtaining

Defendant's written consent, to do so.  *Doc. 23* (hereinafter "Amended Complaint").

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading before

trial in two ways.  Fed. R. Civ. P. 15(a).

> A party may amend its pleading once as a matter of course within: (A) 21 days
> after serving it, or (B) if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or 21 days after service of
> a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with

the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

"The [C]ourt should freely give leave [to amend] when justice so requires," *id.*,

but has the discretion to not do so.  *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027

(10th Cir. 1994).  "Refusing leave to amend is generally only justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of

amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation

omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.   ANALYSIS

The Court converts its dismissal of Plaintiff's Complaint to a dismissal with

prejudice.  The deadline for Plaintiff to seek its leave to file an amended complaint

passed on December 9, 2020 without Plaintiff doing so or otherwise properly amending

his complaint under Federal Rule of Civil Procedure 15(a).  Plaintiff did file an amended complaint prior to this deadline; but its noncompliance with Federal Rule of Civil Procedure 15(a) renders it without legal effect.  In the alternative, the Court treats Plaintiff's Amended Complaint as a motion for its leave to so amend his Complaint and denies leave to amend as futile.

A.  *Plaintiff Did Not Properly Amend His Complaint Before the Court's Deadline Since His Amended Complaint is Null*

The Court disregards Plaintiff's Amended Complaint as legally ineffective and null because he did not comply with Federal Rule of Civil Procedure 15(a) when filing it.  Plaintiff's Amended Complaint is improper under Federal Rule of Civil Procedure 15(a)(1) because he filed it on December 9, 2020, more than twenty-one days after he filed his initial complaint on June 8, 2020, *see doc. 2*, and more than twenty-one days after Defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b) on August 7, 2020, *see doc. 10*.  Plaintiff's Amended Complaint is also improper under Federal Rule of Civil Procedure 15(a)(2) since he did not move for, let alone obtain, the Court's leave to file it and there is no evidence in the record that Defendant gave Plaintiff written consent to do so.

"Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendant[] is without legal effect."  *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (citing *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988) and 6 Charles Allan Wright et al., *Federal Practice & Procedure* §

1484 (2d ed. 1990) (hereinafter *"6 Federal Practice & Procedure"*)).  *See also United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).  In *Murray*, the Tenth Circuit reversed a district court for dismissing a plaintiff's entire action based on a motion to dismiss that targeted solely an improperly filed amended complaint because that complaint "did not supersede [the] original complaint."  132 F.3d at 611–12.  It has since clarified that *Murray* stands for the proposition "that an improperly filed amended complaint does not have the legal effect of superseding the allegations in the original complaint for purposes of assessing whether dismissal is appropriate."  *May v. Segovia*, 929 F.3d 1223, 1233 (10th Cir. 2019).

The Court, therefore, proceeds with its dismissal of Plaintiff's case as if his Amended Complaint was never filed.  *See Murray*, 132 3d. at 612; *United States ex rel. Mathews.*, 332 F.3d at 296; *Archuleta v. City of Roswell*, No. CIV 10-1224 JB/RHS, 2013 WL 1655978, at *1, 6 (D.N.M. Mar. 29, 2013) (unpublished); *In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 203–04 (E.D.N.Y. 1992) (citing *Gaumount v. Warner Bros. Pictures*, 2. F.R.D. 45, 46 (S.D.N.Y. 1941) and *Hoover*, 855 F.2d at 1544).  As Plaintiff did not properly amended his complaint or seek the Court's leave to do so before the December 9, 2020 deadline, the Court converts its dismissal of his Complaint into a dismissal with prejudice.

B. *Alternatively, the Court Construes Plaintiff's Amended Complaint as a Motion for Leave to Amend His Complaint and Denies it as Futile*

Construing Plaintiff's Amended Complaint as a motion for leave to amend his Complaint does not salvage Plaintiff's case since, based on its allegations, such an amendment would be futile.  In *Hoover*, the Eleventh Circuit observed that

> [S]ome courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend *would have been granted had it been sought* and when it does not appear that any of the parties will be prejudiced by allowing the change.  Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.

855 F.2d at 1544 (quoting 6 *Federal Practice & Procedure* § 1485).  The *Hoover* court, however, then affirmed the district court's decision to treat an improperly filed amended complaint as a nullity because the lower court would have denied a motion for leave to amend if the plaintiff had filed it.  *Id.*  This Court is similarly situated to its counterpart in *Hoover*.  Based on the allegations in Plaintiff's Amended Complaint, the Court would have denied Plaintiff's motion for leave to file it on futility grounds.

The Court dismissed Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) because, *inter alia*, "he ha[d] not shown the existence of a private person analog in New Mexico law that would render a similarly-situated private citizen liable for the FBI investigators' alleged acts and omissions."  *Doc. 22* at 19.  Plaintiff's Amended Complaint suffers from the same defect.

6

The first private person analog that Plaintiff identifies in his Amended Complaint is a state law enforcement officer who has a statutory and common law duty "to exercise reasonable care in the course of an investigation."  Amended Complaint at 2 (citing *Torres v. New Mexico*, 894 P.2d 386, 392–93 (N.M. 1995)).  As the Court advised Plaintiff in its Order Granting Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, this duty "is not a private person analog since it is owed by public employees, not private citizens.  *Doc. 22* at 20 (citing *Ewell v. United States*, 776 F.2d 246, 249 (10th Cir. 1985)).  Re-pleading this duty does not change its inapplicability.

The second private person analog that Plaintiff identifies in his Amended Complaint is that of Restatement (Second) of Torts § 319 wherein an individual, who "exercises actual control over a third party 'whom he knows or should know to be likely to cause harm to others, if not controlled[,]' … has 'the duty to exercise reasonable care to prevent the person from doing harm.'"  Amended Complaint at 2 (citing *Karbel v. Francis*, 709 P.2d 190, 193 (N.M. Ct. App. 1985)).  The Amended Complaint's allegations, however, do not show that the FBI investigators ever had actual control over Mr. Atchison.

Actual control under Restatement (Second) of Torts § 319 "must include the right or ability to control another's conduct."  *Grover v. Stechel*, 45 P.3d 80, 84 (N.M. Ct. App. 2002) (citing Restatement (Second) of Torts §§ 316–319 (Am. Law. Inst. 1964) and *Carney v. Gambel*, 751 So. 2d 653, 654 (Fla. Dist. Ct. App. 1999)).  In New Mexico, this control

exists "[w]hen one party is in the custodial care of another," *City of Belen v. Harrell*, 603 P.2d 711, 713 (N.M. 1979), and where a physician has "injected [an individual] with drugs known to affect judgment and driving ability," *Wilschinsky v. Medina*, 775 P.2d 713, 717 (N.M. 1989). It is also present between a jailer and a prisoner, *Harrell*, 603 P.2d at 713, and where a private security guard uses the threat of detention to get a drunk driver to follow his orders, *see Karbel*, 709 P.2d at 193. Actual control is not present based solely on a parent-child relationship, *see Johnstone v. City of Albuquerque*, 145 P.3d 76, 82 (N.M. Ct. App. 2006), or control of another's finances, *Grover*, 45 P.3d at 84.

The factual allegations in Plaintiff's Amended Complaint, like those in his Complaint, are insufficient to show that the FBI investigators ever had the right or ability to control Mr. Atchison's conduct. The only allegations in the Amended Complaint that speak to any control exercised by the FBI investigators over Mr. Atchison are that they once interviewed him in his home without the presence of an attorney or other family members after obtaining his consent to do so and reading him his Miranda rights. Amended Complaint at ¶¶ 32–34, 37. Plaintiff alleges that "[i]n so doing, the FBI Investigator(s) … exercise[d] control over him," Amended Complaint at ¶ 38, but the Court need not accept this legal conclusion as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's allegations are easily distinguishable from the facts in *Karbel*. There, private security guards demonstrated an ability to control a drunk driver's conduct by

8

using the threat of having him taken into custody to get him to comply with their orders when he did not wish to do so. *Karbel*, 709 P.2d at 193. By comparison, the allegations in Plaintiff's Second Complaint do not establish that the FBI investigators ever had the ability to control Mr. Atchison's conduct. Unlike the private security guards in *Karbel* who ordered a drunk driver to vacate an area and used the threat of detention to get him to comply, the FBI investigators did not issue orders or make threats to Mr. Atchison. *Compare Karbel*, 709 P.2d at 193 *with* Amended Complaint at ¶¶ 34, 37. Rather, they asked him and his family for permission to enter their home and asked Mr. Atchison for his consent to interview him there without an attorney or family member present. *Compare Karbel*, 709 P.2d at 193 *with* Amended Complaint at ¶¶ 34, 37. Unlike the decision of the drunk driver in *Karbel* to follow private security guards' order to avoid detention, Mr. Atchison's decisions to consent to an interview with the FBI investigators without an attorney or a family member and answer the investigators' questions were voluntary and uncoerced. *Compare Karbel*, 709 P.2d at 193 *with* Amended Complaint at ¶¶ 34, 37.

It might be argued that the FBI investigators had the right to control Mr. Atchison's conduct since they had a right to detain him for his comment seeking advice about how to get a gun to commit a mass shooting at his former school.[1] No New

---

[1] For the purposes of this argument, the Court assumes, but does not decide, that the allegations in Plaintiff's Second Complaint are sufficient to establish that the FBI investigators had the right to detain Mr. Atchison without a warrant for his arrest. The Court also assumes, but does not decide, that liability

Mexico court appears to have addressed whether having the right to detain an individual amounts to control of the individual under Restatement (Second) of Torts § 319, so the Court must turn to the jurisprudence of other jurisdictions.[2]  The jurisdictions that have considered this argument reject it.  *Kalmbach v. Hill*, No. 07-786-KI, 2009 WL 395156, at *2, 7 (D. Or. Feb. 2, 2009) (unpublished) (holding that a police officer never took charge of a driver despite having the authority to arrest him for speeding and impound his car); *Wongittilin v. Alaska*, 36 P.3d 678, 683 (Alaska 2001) (holding that a police officer did not take charge of a suspect despite possessing a warrant for his arrest when interviewing him at city hall); *Nelson v. Driscoll*, 983 P.2d. 972, 975, 979 (Mont. 1999) (holding that a police officer does not take charge of an individual by having probable cause to arrest him).  The Court finds the reasoning of these courts persuasive and adopts it in this circumstance.

Plaintiff's Amended Complaint therefore fails to show that New Mexico law imposes a duty on private persons similarly situated to the FBI investigators (and thus

---

arising from an individual's failure to exercise reasonable care after taking actual control over another based on a right to detain that person is a private person analog.  Liability arising from a right to detain conferred by the state on its law enforcement officers is not a private person analog.  *See Ewell v. United States*, 776 F.2d 246, 249 (10th Cir. 1985).  However, private citizens in New Mexico do have a common law right to arrest an individual for committing a felony or a breach of the peace.  *New Mexico v. Johnson*, 930 P.2d 1148, 1151–52 (N.M. 1996); *Downs v. Gray*, 742 P.2d 533, 535–36 (N.M. Ct. App. 1987).  Thus, while New Mexico courts have not imposed liability under Restatement (Second) of Torts § 319 on a private citizen for failing to exercise his common law right to arrest another, the principles of tort law to which they adhere do not bar them doing so.

[2] In *Torres*, the New Mexico Supreme Court did find that police officers have a common law duty to exercise that care ordinarily exercised by a reasonably prudent and qualified officer during an investigation, but it did not do so under the special relationship principles of Restatement (Second) of Torts § 319.  *See* 894 P.2d at 391–93.

on the FBI investigators themselves).  Absent the establishment of this private person analog, the United States retains its immunity from negligence claims arising from the investigators' acts and omissions.  *See* 28 U.S.C. § 1346(b)(1).  Plaintiff's Amended Complaint, therefore, fails to cure the jurisdictional and claim defects in his Complaint. As granting Plaintiff leave to file his Amended Complaint would be futile, the Court would have denied it if it had been properly sought.

## IV.   CONCLUSION

The Court converts its dismissal of Plaintiff's Complaint to dismissal with prejudice since Plaintiff did not seek its leave to, or otherwise properly, file an amended complaint before the December 9, 2020 deadline.  The Amended Complaint that Plaintiff filed before this deadline is without legal effect because its filing did not comply with Federal Rule of Civil Procedure 15(a).  Even if the Court were to construe Plaintiff's Amended Complaint as a motion for leave to so amend his Complaint, the Court would have denied leave to so amend because such amendment would be futile.

Wherefore, IT IS HEREBY ORDERED that the Court's dismissal of Plaintiff's Complaint is converted to a DISMISSAL WITH PREJUDICE.

**IT IS SO ORDERED.**

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

11